# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SHANIKA MCLEAN, et al., | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 17-cv-01299 (APM) |
| DISTRICT OF COLUMBIA, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shanika McLean brings this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* She claims that Defendant District of Columbia denied her minor son D.M. a free and appropriate public education ("FAPE") by failing (1) to develop an adequate Individualized Education Program ("IEP") for D.M. on May 4, 2016, and December 12, 2016, respectively (Counts I–II); (2) to timely revise D.M.'s May 2016 IEP to include occupational therapy services and increased behavior support services (Count III); and (3) to develop a Behavior Intervention Plan in a timely manner (Count IV). *See* Compl., ECF No. 1, ¶¶ 69–91; *see also id.* ¶ 42 (describing administrative due process complaint). After an administrative hearing, the hearing officer ruled that Defendant had fulfilled its obligations under the IDEA. *See generally* Administrative R., ECF No. 8 [hereinafter AR], at 3–17.[1] Plaintiff now challenges that ruling, arguing that: (1) the hearing officer applied the incorrect legal standard to evaluate D.M.'s IEPs; (2) the hearing officer's determinations regarding the sufficiency of both IEPs were contrary to the record evidence; and (3) the hearing officer's decision regarding

---

[1] All page citations are to the original pagination of the Administrative Record, which can be found in the documents labeled ECF No. 8-1 through 8-9.

Plaintiff's timeliness claims was contrary to District of Columbia law and the record evidence. *See* Compl. ¶¶ 43–91; Pls.' Mot. for Summ. J., ECF No. 9 [hereinafter Pls.' Mot.], at 14–30.

Before the court are Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment. *See generally* Pls.' Mot.; Def.'s Opp'n to Pls.' Mot. & Cross-Mot. for Summ. J., ECF No. 12. After considering the pleadings and the full record, as explained below, the court denies the parties' cross-motions for summary judgment without prejudice and remands this matter to the hearing officer for further proceedings consistent with this Order.

I.

On remand, the hearing officer shall evaluate whether Defendant offered IEPs that were "reasonably calculated to enable [D.M.] to make progress appropriate in light of [his] circumstances." *See Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist.*, 137 S. Ct. 988, 1001 (2017). This standard is more demanding than merely showing that D.M. has made "some" progress. *See id.* at 997–98 (rejecting the Tenth Circuit and respondent school district's argument that the IDEA is satisfied when an IEP is reasonably calculated to provide "some" benefit). Instead, *Endrew F.* requires a "'fact-intensive inquiry' . . . as to how 'specially designed' services will ultimately 'meet [D.M.'s] unique needs.'" *Davis v. District of Columbia* 244 F. Supp. 3d 27, 39 (D.D.C. 2017) (emphases omitted) (quoting *Endrew F.*, 137 S. Ct. at 999). While courts engaged in this inquiry primarily consider "what the school knew or reasonably should have known of a student's needs at the time" of an IEP's drafting, "evidence that post-dates the creation of an IEP is relevant to the inquiry to whatever extent it sheds light on whether the IEP was objectively reasonable at the time it was promulgated." *Z.B. v. District of Columbia*, 888 F.3d 516, 524 (D.C. Cir. 2018) (internal quotation marks omitted).

II.

A.

Applying these principles on remand, the hearing officer should weigh relevant facts he either did not consider or inadequately addressed. Specifically, with respect to the May 2016 IEP, the hearing officer found it to be adequate based largely on testimony from D.M.'s first-grade teacher, who recounted that D.M.'s "academics and behavior improved during the remainder [of school year] 2015-2016." AR 13. Such testimony alone, however, is not enough to declare that the May 2016 IEP did not deny D.M. a FAPE. The teacher's observations captured only a two-month snapshot of D.M.'s development: from start of the IEP on May 4, 2016, until the end of the 2015–2016 school year. That is simply too short a time frame in which to evaluate the adequacy of the May 2016 IEP.

The hearing officer also should have considered evidence of what happened during the fall of the next school year while the May 2016 IEP remained in effect. *See* AR 106–09 (indicating goals to be achieved by May 3, 2017); *see also Z.B.*, 888 F.3d at 524. D.M.'s multidisciplinary team acknowledged at that a "major issue for [D.M. under this IEP] was regression and recoup at the beginning of the next school year," AR 101, and D.M. clearly regressed almost immediately upon entering the second grade. For instance, during the first quarter of the second grade, D.M. was deemed to be performing "significantly below grade level" in "reading" and "writing & language" and, after the second quarter, he remained below grade level in both categories. AR 144. Significant behavioral problems also manifested immediately at the start of the 2016–2017 school year. One of his teachers reported that D.M. "has kicked, punched, and name called his class mates," that he "throws papers, pencils, desks," and that he "engages in these aggressive behaviors on most days." AR 165. An independent evaluator confirmed these behaviors during

3

observations of D.M. conducted in early and mid-September. *Id.* (describing aggressive behaviors during observations conducted on September 6, 9, and 16, 2016). In the end, the May 2016 IEP cannot be evaluated based solely on D.M.'s progress during an, at most, eight-week period at the end of the first grade. The hearing officer should consider D.M.'s regressive academic performance and behavioral troubles in the fall of 2016 when evaluating whether the May 2016 IEP denied D.M. a FAPE.

B.

The hearing officer also did not sufficiently address key evidence with respect to the December 2016 IEP. Defendant agreed in October 2016 to conduct a psychological evaluation for suspected Emotional Disturbance, a different disability classification. AR 177, 205. Yet that evaluation had not been completed by the time evaluators developed the December 2016 IEP. AR 362. When a comprehensive psychological evaluation was finally completed in March 2017, the evaluation found that D.M. "meets the criteria to be classified under IDEA as Emotionally Disturbed," and recommended that he "most likely should be placed in a therapeutic school that can better meet his needs." AR 362, 384–85. But the hearing officer rejected this important evidence without explanation, stating only that he "was not convinced by the testimony of the witness who recently conducted the evaluation of the student." AR 15. Such a terse rejection of expert testimony is at odds with the Circuit's recent guidance that "[s]ometimes a belatedly obtained professional opinion, for example, may suggest a longstanding problem that a school should have but failed to identify and account for earlier." *Z.B.*, 888 F.3d at 526. By not adequately addressing the recent psychological evidence, the hearing officer did not determine "whether DCPS would have learned anything more or different" about D.M. with the benefit of such testing and therefore "failed to establish a reliable baseline of [D.M.'s] current needs against which to

evaluate the [December 2016 IEP's] adequacy." *Id.* at 525. On remand, the hearing officer should expressly address the findings of the March 2017 assessment.

### III.

Although the court finds some flaws in the hearing officer's decision, the court elects to remand this matter, rather than enter judgment. The entire evidentiary record is better weighed, against the standards set forth in *Endrew F.* and *Z.B.*, in the first instance by the hearing officer who heard and received the evidence. *See Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 526 (D.C. Cir. 2005) ("[I]n light of the absence of pertinent findings in the administrative record and given that both parties previously filed cross-motions for summary judgment rather than exercising their right to 'request' consideration of additional evidence, the district court may determine that the 'appropriate' relief is a remand to the hearing officer for further proceedings.").

Accordingly, the parties' cross-motions for summary judgment are denied without prejudice, and the matter is remanded to the hearing officer for further proceedings in accordance with this opinion.[2] *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 152 F.3d 1159, 1160–61 (9th Cir. 1998) (ordering district court to stay proceedings and remand to hearing officer); *Reid*, 401 F.3d at 526 (citing *Shapiro* with approval). Furthermore, the court hereby stays all proceedings in this matter pending the hearing officer's renewed determination. *See Shapiro*, 152 F.3d at 1160–61 (holding that the district court erred in terminating action rather than staying proceedings pending the hearing officer's decision on remand); *see also id.* at 1161 ("Until the administrative proceedings are completed, the district court will not have before it all the issues that are necessary for it to render a final judgment."). The parties shall file a Joint Status Report,

---

[2] In light of the remand, the court expresses no opinion as to the merits of Counts III and IV of Plaintiff's Complaint.

on or before October 29, 2018, that updates the court regarding the status of the administrative proceedings.

Dated: August 30, 2018

Amit P. Mehta
United States District Judge